# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTHUR J. BREWER,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents.*

2:11-cv-01556-PMP-PAL

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's application (#1) to proceed *in forma pauperis* and his motion (#2) for appointment of counsel, as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

    On the pauper application, the Court finds that Petitioner is unable to pay the filing fee. The application therefore will be granted.

    On the counsel motion, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). Having reviewed the Petition and the request for counsel, the Court finds at this juncture that the interests of justice do not require that counsel be

appointed. Any alleged ruling by the Supreme Court of Nevada regarding appointment of counsel in state proceedings regarding a different petitioner has no application to or bearing upon these federal proceedings regarding this petitioner. The motion therefore will be denied.

Turning to initial review, the instructions on the petition form instruct a petitioner to attach copies of the written state court decisions regarding the conviction. Petitioner wrote a note on the verified Petition stating: "None available due to the Department of Nevada Corrections has me on copy restrictions." It appears from review of the papers submitted and from review of the online docket records of the Supreme Court of Nevada that a limited number of state court record materials will facilitate completion of initial review and potentially a resolution of all issues presented on the Petition.

In connection with the records needed, it appears that Petitioner was convicted, pursuant to a guilty plea, of possession of a stolen vehicle and was adjudicated a habitual criminal in No. C223499 in the Nevada Eighth Judicial District Court.

IT THEREFORE IS ORDERED that Petitioner's application (#1) to proceed *in forma pauperis* is GRANTED, such that Petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that Petitioner's motion (#2) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for Respondents and shall make informal electronic service of this order – along with an attachment with a copy of the Petition – upon Respondents by directing a notice of electronic filing to her. Counsel shall enter a notice of appearance by the response date for the records response directed herein.

IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order, Respondents shall file -- and serve upon Petitioner -- a set of exhibits with copies of:

    (a)    the minutes from the state district court;

    (b)    the state court judgment of conviction;

    (c)    the fast track statement and/or briefing and any other papers accepted for filing setting forth appellate claims on Petitioner's behalf on direct

       appeal;

(d)    the order of affirmance by the Supreme Court of Nevada (No. 48014);

(e)    the remittitur on direct appeal;

(f)    the state post-conviction petition that Petitioner filed on or about July 30, 2007, in the state district court;

(g)    the state district court's order denying the petition;

(h)    the order of affirmance by the Supreme Court of Nevada (No. 50377);

(i)    the remittitur;

(k)    the motion to correct judgment that Petitioner filed on or about March 31, 2008, in the state district court;

(l)    the state district court's order denying the motion on or about April 30, 2008;

(m)    the motion to correct illegal sentence that Petitioner filed on or about September 16, 2008, in the state district court;

(n)    the state district court's order denying the motion on or about October 15, 2008;

(o)    the consolidated order of affirmance by the Supreme Court of Nevada (Nos. 51587 and 52585);

(p)    the remittitur;

(q)    the motion to correct illegal sentence that Petitioner filed on or about December 12, 2010, in the state district court;

(r)    the state district court's order denying the motion;

(s)    the order of affirmance by the Supreme Court of Nevada (No. 57716);

(t)    the remittitur;

(u)    any and all other petitions, motions, or other papers filed in the state district court and/or the Supreme Court of Nevada presenting claims by or on behalf of Petitioner presenting claims challenging his conviction and/or sentence;

1  (v) all orders by the state district court in connection with same;

2  (w) all decisions by the state supreme court in connection with same; and

3  (x) all remittiturs issued in connection with same.

4  IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of
5  exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further
6  shall be identified by the number or numbers of the exhibit(s)s in the attachment.  *Cf.* No.
7  3:06-cv-00129-LRH-VPC, ## 20-27.  The purpose of this provision is so that the Court and
8  any reviewing court thereafter will be able to determine from the face of the electronic docket
9  sheet which exhibits are filed in which attachments.  **Given the anticipated relatively small**
10 **volume of the exhibits, there is no need to send a hard copy courtesy copy of the**
11 **exhibits directed to the staff attorney in Las Vegas for this filing.**

12 **No further response other than the above is required at this time from**
13 **Respondents, as the matter remains under initial screening review.**[1]

15 DATED:  October 6, 2011.

_____
PHILIP M. PRO
United States District Judge

---

[1] Nothing in this order constitutes an express or implied holding that the petition otherwise is free of deficiencies.  Initial review has not been completed at this point.

-4-