# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTHUR J. BREWER,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

2:11-cv-01556-PMP-PAL

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the Petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon the Court's earlier show cause order (#8) and Petitioner's response (#10) thereto.

    Petitioner does not dispute either the procedural history outlined in the show cause order or the Court's calculation of the federal limitation period. See #8, at 1-3. Petitioner's sole contention is that his claim is not subject to the federal time-bar because he is raising a "jurisdictional challenge." He alleges that the state district court did not have jurisdiction to sentence him as a habitual criminal because of the procedural error alleged. This "jurisdictional error" argument is frivolous. There is no alleged "jurisdictional error" exception to § 2244(d)(1). None of the cases cited by Petitioner have anything to do with application of § 2244(d)(1). Cases concerning the jurisdiction of a federal district court in a federal criminal proceeding have nothing to do with federal habeas review of a state court conviction. This is a frequently-made but frivolous argument that finds favor only in the jailhouse, not the courthouse.

The Court further would note in this regard that the Supreme Court of Nevada expressly held that Petitioner "failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction." #6, Ex. 28. The question of whether the Nevada state district court had jurisdiction to impose sentence on an in-state offense[1] is purely a question of Nevada state law, and the Supreme Court of Nevada is the final – and only – arbiter of Nevada state law. Petitioner's inapposite citations notwithstanding, allegations only that the state district court violated the Constitution in imposing sentence would not give rise to "jurisdictional error," although habeas petitioners frequently seek to benefit by labeling a constitutional claim as a claim of "jurisdictional error." Such arguments, again, are wholly frivolous as a basis for avoiding the federal time-bar.

IT THEREFORE IS ORDERED that the Petition shall be DISMISSED with prejudice as time-barred.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find debatable or wrong the district court's dismissal of the petition as untimely. Petitioner's sole argument that the federal time-bar does not apply because he raises a claim of "jurisdictional error" is patently frivolous on its face.

The Clerk of the Court shall enter final judgment accordingly, in favor of Respondents and against Petitioner, dismissing this action with prejudice.

DATED: March 5, 2012.

PHILIP M. PRO
United States District Judge

[1] Petitioner pled guilty to one count of possession of a stolen vehicle. E.g., #5, Ex. 3, at 2.